PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 5:11CR170 - 7, 10 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MARSHALL C. WEST (7), | ) | |
| ANTHONY T. SKIPPER, JR. (10), | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |

Defendants Nicholas P. Helfrick and Dwaine J. Traylor are co-defendants in an indictment charging eighteen (18) individual defendants. Defendants Helfrick and Traylor are both charged in Count 4 of the eight-count indictment.[1] Attorney Paul Adamson has been retained by Nicholas A. Helfrick and Dwaine J. Traylor, who are joined as defendants in Count 4 of the within indictment (generically referred to as the "Donahue Marijuana Conspiracy").

**A.**

Every defendant is entitled to the effective assistance of counsel– that is counsel free of conflict. When a trial court becomes aware of a potential conflict of interest, it must pursue the matter, even if counsel does not. Judges should strongly recommend to co-defendants that they avoid dual representation and should make clear that a court appointed attorney is available to represent each defendant or to consult with each defendant concerning dual representation.

Fed. R. Crim. P. 44(c)(2) provides that:

The court must promptly inquire about the propriety of joint representation and

---

[1] Helfrick is also charged in Count 1 of the Indictment.

(4:11cv106)

> must personally advise each defendant of the right to effective assistance of counsel, including separate representation.  Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

In the case of a jury trial, joint representation presents obvious potential problems for defendants represented by a single counsel.  Even if an actual conflict of interest does not exist, differing quantities/qualities of evidence, and/or the relative strength of the government's case against the individual defendants conceivably could affect - or at least give rise to a perception that a jury's view of the joint clients is somehow linked.  The same holds true during pre-trial proceedings where one defendant may perceive - at some point after the fact - that either: (1) he received a less favorable plea offer because of his counsel's representation of the co-defendant; or (2) he received a less favorable plea deal because of his counsel's efforts to resolve the co-defendant's case on a more favorable basis.

**B.**

On July 11, 2011 the Court conducted a hearing to determine whether there was a potential or actual conflict of interest due to the dual representation of Defendants Helfrick and Traylor by retained Attorney Paul Adamson.

In response to questions from the Court, Attorney Adamson explained that he intended to represent both defendants, and did not, at this time, based upon all of the knowledge he had gathered about the charges and his clients, perceive an actual or potential conflict of interest.  He explained that he had discussed the issue of dual representation with both Defendants and spoken with counsel for the Government.  As a result of these conversations, he had learned nothing that

(4:11cv106)

changed his conclusion that his dual representation was free of actual or potential conflict.[2] Attorney Adamson also pledged to remain vigilant for any specter of an actual or potential conflict developing.

After questioning Attorney Adamson and hearing from counsel for the government, the Court had separate standby counsel to conduct private conversations with both Defendants Helfrick and Traylor.  At the conclusion of these private conversations, the Court placed the Defendants under oath and questioned them to ascertain their competency and intelligence.  In response to questions posed by the Court, Defendants Helfrick and Traylor appeared competent and intelligent about the Court's concern regarding Attorney Adamson's dual representation.  Each defendant stated a preference to continue being represented by Attorney Adamson.

After hearing the statements of counsel, examining Defendants and informing Defendants of the risks that may flow from dual representation, the Court is satisfied that (1) Defendants knowingly, voluntarily and intelligently waived their rights to separate counsel and (2) that neither defendant can later credibly claim lack of knowledge, or misunderstanding, or prejudice (ineffective assistance of counsel) as a result of the joint representation.

Based upon the information ascertained during the hearing on the matter of an actual or potential conflict of interest, the Court finds that there is good cause to believe that no conflict of interest currently interest exists or is likely to arise from the dual representation of Defendants Helfrick and  Traylor by Attorney Adamson.  The Court made known that all counsel should remain vigilant and notify the Court of any actual or potential conflict of interest arising from the

---

[2] Attorney Adamson explained that, despite being charged as coconspirators in Count 4 of the Indictment,  the Indictment did not allege that his clients engaged in joint activities and he believed , based upon his conversations with his clients, that they had no joint interaction.

(4:11cv106)

dual representation.


    IT IS SO ORDERED.


 July 14, 2011                                        */s/ Benita Y. Pearson*  
Date                                                      Benita Y. Pearson  
                                                             United States District Judge